**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NO. 6:15-CR-00008-JDK-KNM-1** |
| **v.** | § | |
| | § | |
| | § | |
| **RONALD CHASE,** | § | |
| | § | |
| | § | |

**AMENDED REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On February 24, 2026, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Ronald Chase. The government was represented by James Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class A felony. This offense carried a statutory maximum imprisonment term of not less than 15 years. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months. On November 17, 2015, U.S. District Judge Michael H. Schneider of the Eastern District of Texas, pursuant to a binding plea agreement for a variance, sentenced Defendant to 96 months imprisonment, followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug abuse treatment and testing, and mental health treatment. On March 29, 2018, Defendant's case was reassigned to U.S. District Judge Robert W. Schroeder, III of the Eastern District of Texas, Texarkana Division. On August 27, 2024, Defendant completed his period of imprisonment and

1

began service of the supervision term in the Eastern District of Texas, Tyler Division. On November 1, 2024, the court modified the conditions of Defendant's supervised release and imposed an additional condition of mental health medication monitoring. On December 11, 2025, Defendant's case was reassigned to U.S. District Judge Jeremy D. Kernodle of the Eastern District of Texas, Tyler Division.

Under the terms of supervised release, Defendant was not permitted to purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. In Allegation 2 of its petition, the government alleges that Defendant violated his conditions of supervised release on or about September 10, 2024; May 2, 2025; and June 13, 2025 when Defendant tested positive for marijuana. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing marijuana, as evidenced by Defendant's positive drug tests, Defendant will be in violation of Texas Health and Safety Code § 481.121 and will have committed a Grade C violation. U.S.S.G. § 7C1.1(a). Upon a finding of a Grade C violation, the court may revoke supervised release. U.S.S.G. § 7C1.3(b). Considering Defendant's criminal history category of VI, the guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7C1.5.

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the condition prohibiting Defendant from purchasing, possessing, using, distributing, or administering any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a

physician, asserted as Allegation 2 in the government's petition. In exchange, the government recommended to the court that Defendant be imprisoned for a term of 14 months with no period of supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true to Allegation 2 be accepted and that he be imprisoned for 14 months with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FMC Fort Worth, TX, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 26th day of February, 2026.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE